**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**CIVIL ACTION NO. 5:23-CV-00040-JHM**

**JAMES S. HAMILTON**                                                                                             **PLAINTIFF**

**v.**

**MCCRACKEN COUNTY JAIL**                                                                                **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff James S. Hamilton filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. [DN 1]. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the claims set forth in the complaint but will allow Plaintiff to file an amended complaint.

**I.**

Plaintiff sues the McCracken County Jail. He is incarcerated there as a pretrial detainee.

Plaintiff states that on February 7, 2023, he was placed on medical watch in the McCracken County Jail because of a fractured left wrist and stiches in his lower right arm. Plaintiff claims that while he was laying down, two other inmates were placed in the cell with him for disciplinary reasons. The two inmates covered up the camera and the door window. At some point, several McCracken County Jail deputies and a sergeant instructed those inmates to uncover the camera and window. One of the deputies then opened the slot to the door and began firing pepper spray inside the cell and then left Plaintiff in the cell for five to ten minutes. Plaintiff alleges that he could not breathe, he was coughing, and his eyes and whole face were burning.

Plaintiff alleges that McCracken County Jail violated his rights under the United States Constitution by its placement of two disciplinary inmates in the cell with him, a medical watch

inmate, and by the deputy pepper spraying Plaintiff. Plaintiff seeks compensatory and punitive damages

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. McCracken County Jail

The McCracken County Jail is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, McCracken County is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court therefore will construe the claim against Defendant McCracken County Jail as a claim brought against McCracken County. *See Matthews v. LMPD*, No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D. Ky. Oct. 25, 2019).

#### B. McCracken County

"[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 691 (1978). When a § 1983 claim is made against a municipality such as McCracken County, the Court must analyze two distinct issues: (1) whether

Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality as an entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege that any harm he suffered was the result of a custom or policy implemented or endorsed by McCracken County. Thus, because the complaint fails to establish a basis of liability, the claims against McCracken County must be dismissed for failure to state a claim upon which relief may be granted.

Nonetheless, before dismissing this action, the Court will allow Plaintiff the opportunity to file an amended complaint in which he (1) names as Defendants the persons who allegedly violated his constitutional rights and describes the actions taken by each Defendant and (2) sues these Defendants in their individual capacities. *See, e.g., LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) [of the Federal Rules of Civil Procedure,] a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

If Plaintiff chooses to file an amended complaint, the Court will perform an initial review on that filing pursuant to § 1915A.

### IV.

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's claims against Defendant McCracken County Jail (construed as claims against McCracken County) are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. **The Clerk of Court is DIRECTED to terminate McCracken County Jail.**

**IT IS FURTHER ORDERED** that within **30 days** from entry of this Memorandum Opinion and Order, Plaintiff may file an amended complaint in which he (1) names as Defendants the persons who allegedly violated his constitutional rights and describes the actions taken by each Defendant; (2) sues these Defendants in their individual capacities; and (3) completes a summons form for each newly named Defendant.

The Court **DIRECTS** the Clerk of Court to place this case number and the words "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to file an amended complaint as well as four summons forms should Plaintiff wish to add Defendant(s).

The Court will conduct an initial review of the amended complaint pursuant to 28 U.S.C. § 1915A. **Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, this action will be DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014

August 30, 2023

5